No. 23,341.

G. W. MORLEY AND W. A. MARSH, *Appellees*, V. C. M. WILSON, *Appellant.*

### SYLLABUS BY THE COURT.

REAL-ESTATE DEALER'S COMMISSION—*Verdict Must Respond to Issue Defined in Instructions.* In an action for a real-estate dealer's commission, the only issue was whether the plaintiffs were to receive the sum of $700 for their services in finding a buyer for defendant's farm, which was admittedly the original amount agreed upon between the parties, or whether, because the defendant had to extend time to the buyer, the plaintiffs had later agreed with defendant that their commission should be $300. The trial court instructed the jury to that effect but the jury returned a verdict for $500 which the court declined to receive. The court repeated its instructions that the verdict should be for the plaintiffs for $700 or for $300, as the jury in their discretion might determine, and that this matter was the only disputed issue of fact which the jury had to decide. The jury again retired and then brought in a verdict for $700. *Held,* that it was proper for the court to decline to receive their first verdict and to require them to return and bring in a verdict responsive to the issue as defined by the court, and that the jury's discretion did not extend to the rendition of a verdict at variance therewith.

Appeal from Lyon district court; WILLIAM C. HARRIS, judge. Opinion filed October 8, 1921. Affirmed.

*Owen S. Samuel,* of Emporia, for the appellant.

*W. C. Roberts,* of Emporia, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action for a real-estate agent's commission.

The plaintiffs, as real-estate agents, brought the defendant and a buyer together and the latter two effected a bargain for the sale of a valuable farm. The plaintiffs claimed a commission of 3% on the purchase price, $729, and sued for that amount. Defendant's answer admitted the plaintiffs' services, admitted that the original agreement between him and plaintiffs was that their commission should be $700, but that this agreement was based on the expectation that the farm should be sold for cash; and that when it transpired that only a

part of the purchase price could be paid down by the buyer and that time would have to be given on the balance, the plaintiffs agreed to accept $300 in full for their services.

On this issue, the cause was tried before a jury. The trial court gave pertinent instructions including the following:

"1. In this case the controversy between the parties is as to whether the commission due is $700 or $300. That is the sole question you have to determine in this case. The plaintiffs performed the service and brought about the sale. That is conceded. The plaintiffs claim that they were to receive three per cent but agreed on $700 for this commission, and the defendant contends that, by reason of some changes in the terms, they agreed upon a commission of $300.

.    .    .    .    .    .    .    .    . . .    .    .    .    .    .

"10. You will have but one form of verdict in this case. It will be for the plaintiffs, and you will return a verdict for either $700 or $300, as you find the facts to be."

The jury returned a verdict for plaintiffs for $500. This verdict the trial court refused to receive. The court then further addressed the jury:

"I want to say to you that your verdict should be for either $300 or $700. There is no basis for finding a verdict of $500. It must be for either $300 or $700. I will cross out this $500, and you may go back into your jury room and see if you can find a verdict in one of the amounts I have named."

The jury retired and later returned with a verdict for plaintiffs for $700, and judgment was rendered accordingly.

Defendant appeals, basing error on the trial court's refusal to accept the jury's verdict for $500 and in its instructions that the verdict should be for $700 or $300.

There was no excuse whatever for a verdict for $500. Plaintiffs asked for $729, but acquiesced in defendant's contention that $700 should be the commission as first agreed upon. That sum, therefore, was the only verdict which the jury could return unless they believed the defendant's evidence that a later agreement was made fixing the commission at $300 when it transpired that the farm could not be sold for cash. In the course of the evidence, defendant testified that while he was arguing with plaintiffs to induce them to accept $300 one of them offered to accept $500. But he did not testify that he closed a bargain with them at that figure. He admitted that he agreed to pay $700 originally. He pleaded and testified that later plaintiffs agreed to accept $300. Therefore the

court correctly instructed the jury—and no objection to that instruction was made—that their verdict should be for either $700 or $300, according as they believed or disbelieved the evidence adduced to settle the only disputed point in issue. It is beside the case to argue that the jury's discretion should not be controlled by the trial court. The only discretion the jury had was to determine whether it was the plaintiffs or defendant who were telling the truth as to the matter of the alleged second agreement. The jury had no right to split the difference, or otherwise to disregard the issue upon which they had received instructions. A jury must follow instructions as they are sworn to do.

In *Tatlow v. Bacon,* 95 Kan. 695, 700, 149 Pac. 745, where the jury obviously erred in the amount of their verdict, the trial court called their attention to the inconsistency and directed them to return and reconsider the matter, and to return a consistent verdict. This was held to be lawful trial practice. (See, also, *Snyder v. Eriksen,* 109 Kan. 314, 198 Pac. 1080; 38 Cyc. 1893-1895, and notes; 27 R. C. L. 890.)

The judgment is affirmed.